IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROCCO P. URELLA | : | CIVIL ACTION |
| **Plaintiff,** | : | |
| | : | |
| vs. | : | NO. 07-3089 |
| | : | |
| THE PENNSYLVANIA STATE TROOPERS | : | |
| ASSOCIATION and THE COMMONWEALTH | : | |
| OF PENNSYLVANIA | : | |
| **Defendants.** | : | |

## O R D E R

**AND NOW** this 1st day of May, 2008, upon consideration of the Commonwealth of Pennsylvania's Motion to Dismiss the Complaint (Document No. 4, filed August 28, 2007); Plaintiff's Response to the Motion to Dismiss Filed by the Commonwealth of Pennsylvania (Document No. 7, filed October 2, 2007); Reply Memorandum of Law in Support of Commonwealth's Motion to Dismiss the Complaint (Document No. 8, filed October 3, 2008); plaintiff's letter dated November 23, 2007 setting forth additional legal authority in support of his claims (Document No. 14); Defendant's, Pennsylvania State Troopers Association, Motion to Dismiss (Document No. 9, filed October 9, 2007); and Plaintiff's Response to the Motion to Dismiss Filed by the State Troopers Association (Document No. 15, filed November 28, 2007), the Court noting that in his Response plaintiff requests dismissal without prejudice of his Complaint against the Pennsylvania State Troopers Association,[1] for the reasons set forth in the attached Memorandum, **IT IS ORDERED** as follows:

---

[1] In the Response to the Pennsylvania State Troopers Association's ("Association") Motion to Dismiss, plaintiff requests dismissal of his Complaint against the Association, his union, on the ground that he has no viable claims against the Association at this time. Plaintiff states in his Response that he had never approached the Association for assistance before filing suit, and therefore, that he has no basis for alleging that the Association breached its duty of fair representation.

1.    Defendant Commonwealth of Pennsylvania's Motion to Dismiss is **GRANTED** and the Complaint against the Commonwealth of Pennsylvania is **DISMISSED WITH PREJUDICE** for lack of jurisdiction;

2.    Defendant's, Pennsylvania State Troopers Association, Motion to Dismiss is **GRANTED** and plaintiff's Complaint against the Pennsylvania State Troopers Association is **DISMISSED WITHOUT PREJUDICE**;

3.    The Clerk of the Court shall **MARK** the case **CLOSED FOR STATISTICAL PURPOSES**.

## MEMORANDUM

### I. INTRODUCTION

On July 27, 2007, plaintiff Rocco P. Urella, a resident of Florida, filed a Complaint against the Pennsylvania State Troopers Association ("Association") and Commonwealth of Pennsylvania ("Commonwealth") alleging breach of contract, breach of trust, fraud, and violations of 42 U.S.C. § 1983. In his Complaint, plaintiff seeks money damages for retirement and health insurance benefits that he alleges the Commonwealth wrongfully withheld and an injunction prohibiting the Commonwealth from continuing to deny him and his wife health insurance coverage.

Presently before the Court are defendant Association and Commonwealth's Motions to Dismiss. Because plaintiff requests dismissal of his Complaint against the Association, the Court writes only to address its ruling with respect to defendant Commonwealth's Motion to Dismiss. In that motion, defendant Commonwealth contends that plaintiff's claims are barred by sovereign immunity and the Eleventh Amendment. For the reasons set forth below, defendant

Commonwealth's Motion to Dismiss is granted and plaintiff's Complaint against the Commonwealth is dismissed with prejudice for lack of jurisdiction.

## II. BACKGROUND

Plaintiff joined the Pennsylvania State Police in 1938 and was eligible for retirement benefits by 1968, the year that he retired.[2] (Compl. ¶ 3.) Plaintiff's retirement package provided a monthly stipend and complete medical and prescription drug coverage for both him and his family. (Id. ¶¶ 5, 8.)

On or about January 1, 1971, Governor Milton Shapp appointed plaintiff as Commissioner of the Pennsylvania State Police ("Commissioner"). (Id. ¶ 6.) Plaintiff alleges that this was a position in the Governor's cabinet and not a position with the State Police. (Id.) Accordingly, plaintiff alleges that he was eligible to receive full retirement benefits for his State Police service while employed as Commissioner. (Id.)

During his tenure as Commissioner, the Commonwealth suspended payment of plaintiff's monthly pension stipend and his participation in the medical benefits portion of his retirement package. (Id. ¶¶ 7-8.) Defendant Commonwealth resumed paying plaintiff's monthly stipend upon the conclusion of his tenure as Commissioner in 1973. (Id. ¶ 11.) Defendant Commonwealth did not, however, reinstate plaintiff's medical coverage. (Id. ¶ 19.) Plaintiff alleges that he has demanded payment of the two years of benefits withheld during his tenure as Commissioner since at least 1973. (Id. ¶ 11.)

In Count One of the Complaint, plaintiff alleges that the Commonwealth is liable for breach of contract. (Id. ¶ 13.) Plaintiff seeks $158,000 for unpaid retirement benefits in that

---

[2] The facts are taken from the Complaint and are presented in the light most favorable to plaintiff.

3

count. In Count Two, plaintiff alleges fraud and deception under state law and deception and a deprivation of his civil rights under 42 U.S.C. § 1983. (Id. ¶¶ 14-21.) Plaintiff seeks $130,000 for unpaid medical benefits in that count. (Id. ¶ 19.) In Count Three, plaintiff seeks punitive damages under § 1983, alleging that defendant Commonwealth's past failure to pay plaintiff when he requested withheld retirement benefits is evidence of intentional and/or malicious conduct. (Id. ¶¶ 23-24.) Finally, in Counts Three and Four, plaintiff seeks an injunction under § 1983 prohibiting defendant Commonwealth from withholding medical and prescription drug coverage from him and his family. (Id. ¶¶ 24-30.)

On November 19, 2007, the Court held a preliminary pretrial conference during which it addressed the issues raised by the Complaint and defendants' Motions to Dismiss, and settlement. By Order issued that same date, the Court directed the parties to report to the Court on or before December 10, 2007 on the status of settlement discussions.

Thereafter, the parties regularly reported to the Court on the status of their settlement discussions and requested that they be granted additional time to continue those discussions. By letters dated March 25, 2008 and March 31, 2008, counsel communicated to the Court that settlement discussions had reached an impasse.

### III. LEGAL STANDARD

A motion to dismiss pursuant to the Eleventh Amendment is properly brought under Federal Rule of Civil Procedure 12(b)(1). See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 693 n.2 (3d Cir. 1996). Rule 12(b)(1) provides that a court may dismiss a complaint for "lack of jurisdiction over the subject matter" of a case. Plaintiff has the burden of establishing subject matter jurisdiction. See Carpet Group Int'l v. Oriental Rug Imp. Ass'n, 227 F.3d 62, 69 (3d Cir. 2000) (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)).

"In evaluating a Rule 12(b)(1) motion, the Court first must determine whether the motion attacks the complaint on its face or on its facts." McCurdy v. Esmonde, 2003 WL 223412, *4 (E.D. Pa. Jan. 30, 2003). "A facial challenge under Rule 12(b)(1) argues that the complaint fails to allege subject matter jurisdiction, or contains defects in the jurisdictional allegations." Id. (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1250, at 212-18 (2d ed.1990)). In contrast, an "in fact" challenge under Rule 12(b)(1) disputes "the existence of certain jurisdictional facts alleged by the plaintiff[]." Carpet Group Int'l, 227 F.3d at 69.

Defendant Commonwealth's Motion to Dismiss is based upon Eleventh Amendment sovereign immunity and is therefore a "facial" challenge. See, e.g., Scott v. Com. Dept. of Public Welfare, 2003 WL 22133799, *2 (E.D. Pa. Aug. 28, 2003); Nelson v. Com. of Pa. Dept. of Public Welfare, 244 F. Supp. 2d 382, 386 (E.D. Pa. 2002). Accordingly, the Court must accept the allegations in the Complaint as true in ruling on the motion. See Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000).

## IV. DISCUSSION

### A. Legal Standard: The Eleventh Amendment

"The Eleventh Amendment renders the States immune from 'any suit in law or equity, commenced or prosecuted . . . by Citizens of another State, or by Citizens or Subjects of any Foreign State.'" Tennessee v. Lane, 541 U.S. 509, 517 (2004). "It is clear . . . that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).

There are two general exceptions to the Eleventh Amendment's grant of sovereign immunity to states and state agencies. See Alden v. Maine, 527 U.S. 706, 755-56 (1999); M.A. ex rel. E.S. v. State-Operated School Dist. of City of Newark, 344 F.3d 335, 345 (3d Cir. 2003). First, Congress may abrogate Eleventh Amendment immunity if it has "unequivocally expresse[d] its intent to" do so and acted "pursuant to a valid exercise of power." Seminole Tribe of Florida v. Florida, 517 U.S. 44, 55 (1996) (quoting Green v. Mansour, 474 U.S. 64, 68 (1985)); see also Nevada Dept. of Human Res. v. Hibbs, 538 U.S. 721, 726 (2003). Second, states may waive their immunity and consent to be sued. Alden, 527 U.S. at 755.[3] A state's waiver of its sovereign immunity must "be unequivocally expressed." Pennhurst, 465 U.S. at 99. For the reasons that follow, the Court concludes that neither of the relevant exceptions to sovereign immunity is applicable to this case.

### B. Plaintiff's 42 U.S.C. § 1983 Claims Against the Commonwealth of Pennsylvania Are Barred By Sovereign Immunity

42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of rights secured by the Constitution or by federal statute. The Supreme Court has held that Congress did not abrogate a state's Eleventh Amendment immunity in enacting § 1983. See Quern v. Jordan, 440 U.S. 332, 345 (1987). In addition, Pennsylvania, by statute, has explicitly reserved its right to immunity from suit in federal court. See 42 Pa.C.S.

---

[3] In addition, the Eleventh Amendment does not bar certain suits "against individual state officials for prospective relief to remedy an ongoing violation of federal law." M.A. ex rel. E.S. v. State-Operated School Dist. of City of Newark, 344 F.3d 335, 345 (3d Cir. 2003); see also Alden v. Maine, 527 U.S. 706, 756-57 (1999). This exception is not at issue in the instant Motion to Dismiss because plaintiff has named the Commonwealth of Pennsylvania as a defendant and not "individual state officials."

§ 8521(b).[4] Thus, neither of the relevant exceptions to sovereign immunity apply and plaintiff's § 1983 claims against the Commonwealth are barred by the Eleventh Amendment.

Plaintiff's § 1983 claims are also barred under Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989). In Will, the Supreme Court held that states are not "persons" under § 1983 and therefore may not be sued in federal or state court under that statute. See Howlett v. Rose, 496 U.S. 356, 365 (1990) ("Will establishes that the State and arms of the State . . . are not subject to suit under § 1983 . . . ."). Thus, plaintiff's § 1983 claim against the Commonwealth is barred for this additional reason.

### C. Plaintiff's State Law Claims Against the Commonwealth of Pennsylvania Are Barred By Sovereign Immunity

"It is well-established under Pennsylvania law that the Commonwealth enjoys immunity from suit except when the General Assembly has, by statute, expressly waived the immunity." Apfelbaum v. National R.R. Passenger Corp., 2002 WL 32342481, *2 (E.D. Pa. Oct. 17, 2002) (citing 1 Pa.C.S. § 2310; Jones v. SEPTA, 772 A.2d 435, 438-39 (Pa. 2001)). Under 1 Pa.C.S.A. § 2310, the Commonwealth of Pennsylvania has explicitly retained its sovereign immunity from suit.[5] The Pennsylvania legislature has waived sovereign immunity in only nine limited circumstances: (1) vehicle liability; (2) medical-professional liability; (3) care, custody or control

---

[4] That section provides: "Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States." 42 Pa.C.S. § 8521(b).

[5] 1 Pa.C.S.A. § 2310 provides, in relevant part:

Pursuant to section 11 of Article 1 of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity . . . .

7

of personal property; (4) Commonwealth real estate, highways and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody or control of animals; (7) liquor store sales; (8) National Guard activities; and (9) toxoids and vaccines. See 42 Pa.C.S.A. § 8522(b). Each of these exceptions is to be strictly construed. See Mullin v. Commonwealth, Dept. of Transp., 870 A.2d 773, 779 (Pa. 2005).

Plaintiff argues that his claims fall within the "care, custody or control of personal property" exception to sovereign immunity in 42 Pa.C.S.A. § 8522. Defendant Commonwealth argues that the personal property exception only applies where the property itself causes the harm giving rise to the cause of action, and therefore, that plaintiff's claims do not fall under the exception because the Commonwealth's conduct – and not plaintiff's property – is alleged to have caused plaintiff's injury. The Court agrees with defendant Commonwealth.

Pennsylvania courts have held that "the personal property exception may only be applied to those cases where the property itself is alleged to have caused the injury." Sugalski v. Commonwealth, 569 A.2d 1017, 1019 (Pa. Commw. 1990); see also Pennsylvania State Police v. Klimek, 839 A.2d 1173, 1175 (Pa. Commw. 2003); Nicholson v. M & S Detective Agency, Inc., 503 A.2d 1106, 1108 (Pa. Commw. 1986). In Sugalski, for example, the plaintiff brought suit against the Commonwealth alleging that he suffered substantial financial harm because of the failure of the State Police to place seized money in an interest-bearing account. Sugalski, 569 A.2d at 1019. The Commonwealth Court held that the plaintiff's claim did not fall within the personal property sovereign immunity exception, because if the plaintiff was harmed, it was the Commonwealth's handling of his money that caused the injury, not the money itself. Id. Similarly, in this case, plaintiff's pension and medical benefits did not cause the alleged injury. Rather, it was defendant Commonwealth's alleged withholding of those benefits that harmed plaintiff. Thus, the personal property exception does not apply to plaintiff's claims.

Plaintiff also cites the introductory clause of the Pennsylvania Public Employe Relations Act (PERA), 43 P.S. § 1101.101, et seq., in support of his position that a federal court may exercise jurisdiction over claims brought by retired Commonwealth employees. That provision provides, in relevant part:

> The General Assembly of the Commonwealth of Pennsylvania declares that it is the public policy of this Commonwealth and the purpose of this act to promote orderly and constructive relationships between all public employers and their employees . . . Unresolved disputes between the public employer and its employes are injurious to the public and the General Assembly is therefore aware that adequate means must be established for minimizing them and providing for their resolution . . . .

43 P.S. § 1101.101. The provision also states that in light of the policy goals quoted above, PERA grants public employees the right to unionize and bargain collectively with their employers.

Plaintiff's reliance on this language from PERA is misplaced for three reasons. First, plaintiff does not assert a claim under PERA in his Complaint. Thus, even if a federal court could exercise jurisdiction over claims against the Commonwealth under that statute, plaintiff has not asserted any such claims.

Second, PERA did not abrogate the Commonwealth's Eleventh Amendment immunity. As a court in this district has held: "there is no suggestion on the face of the [PERA] statute, in its legislative history, or in the case law that the Commonwealth has waived its immunity. Instead, the state's general withholding of consent to be sued in federal court applies, see 42 Pa. Cons. Stat. Ann. § 8521(b), and the Eleventh Amendment bars the suit against the state."[6] Dill v.

---

[6] PERA does abrogate state sovereign immunity for certain unfair labor practice claims. However, the Pennsylvania Labor Relations Board has exclusive jurisdiction over such claims. See 42 P.S. § 1101.1301; Hollinger v. Dept. of Public Welfare, 365 A.2d 1245, 1249 (Pa. 1976).

9

Commonwealth of Pennsylvania, 3 F. Supp. 2d 583, 588 (E.D. Pa. 1998). Thus, this Court would not have jurisdiction even if plaintiff did bring claims under PERA.

Third, to the extent plaintiff argues that the broad policy goals articulated in PERA abrogate the Commonwealth's sovereign immunity with respect to claims that do not fall under that statute, the Court rejects that argument in light of the requirement that a state's waiver of sovereign immunity "be unequivocally expressed." Pennhurst, 465 U.S. at 99.

Finally, plaintiff cites McBride v. Retirement Board of Allegheny County et al., 199 A. 130 (1938), for the proposition that retirement benefits enjoy a unique legal status that enables this Court to exercise jurisdiction. In that case, the Pennsylvania Supreme Court held that "[a]n employee fulfilling [conditions precedent to receipt of retirement benefits] has a vested interest in retirement pay which cannot be destroyed, weakened, or departed from by subsequent legislation." Id. at 132. While the McBride decision might support plaintiff's argument that he is entitled to retirement benefits for his years as Commissioner, it does not address the threshold question of whether this Court has jurisdiction over plaintiff's claims. Specifically, the McBride court did not hold that sovereign immunity is inapplicable in the retirement benefits context.

As to plaintiff's breach of contract claim against the Commonwealth, one additional statute is relevant to the issue of waiver of sovereign immunity. Under 62 Pa.C.S.A. § 1724, Pennsylvania has waived sovereign immunity over certain breach of contract claims against Pennsylvania agencies. However, jurisdiction over these claims is vested exclusively in the Pennsylvania Board of Claims, and not this Court. 62 Pa.C.S.A. § 1724; see also Seeney v. Kavitski, 866 F. Supp. 206, 210 (E.D. Pa. 1994) (dismissing breach of contract claim against the Commonwealth of Pennsylvania for lack of jurisdiction).

10

## V. CONCLUSION

For all of the foregoing reasons, Defendant Commonwealth's Motion to Dismiss is granted and plaintiff's Complaint against the Commonwealth of Pennsylvania is dismissed with prejudice for lack of subject matter jurisdiction.[7]

BY THE COURT:

_Jan E. DuBois_
JAN E. DUBOIS, J.

5/1/08 faxed
Marcone, Kramer, Eagan

---

[7] This ruling does not address any other remedy available to plaintiff, including, but not limited to, any presently available procedural rights under the collective bargaining agreement between plaintiff's union and the Commonwealth. Further, because the Court concludes that it lacks subject matter jurisdiction over plaintiff's claims, it does not reach defendant Commonwealth's arguments that plaintiff's claims are barred by the applicable statutes of limitations and that plaintiff has failed to state a claim under 42 U.S.C. § 1983.

11